UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL ROMAN-GAMINO,<br><br>Petitioner,<br><br>v.<br><br>SACRAMENTO DISTRICT ATTORNEY,<br><br>Respondent. | No. 2:21-cv-1589-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it plainly appears from the petition that the petitioner is not entitled to relief. After reviewing the instant petition, the court finds that petitioner has failed to exhaust state court remedies.[2] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986).

---

[1] He also seeks leave to proceed in forma pauperis. ECF No. 2. That request is granted.

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Here, petitioner challenges a February 15, 2020 conviction entered by the Sacramento County Superior Court. Although somewhat cryptic, the claims appear to be that petitioner had ineffective assistance of counsel and an unfair trial because he could not understand his attorney who wore a mask as a COVID-19 precaution. The petition states that petitioner's direct appeal raises only a "resentencing" issue and is "still pending."[3] ECF No. 1 at 5. The petition further states that petitioner filed a habeas petition in the California Supreme Court raising only the following issues: wrongful incarceration and resentencing. *Id.* at 6. The petition does not indicate that the ineffective assistance of counsel claim or the unfair trial claim were ever presented to the California Supreme Court. Petitioner's federal claims, therefore, appear to be unexhausted and the petition should be dismissed without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, IT IS ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted; and
2. The Clerk of the Court shall randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed for failure to exhaust state remedies; and

/////
/////
/////
/////

---

[3] This begs the question of whether petitioner's state court conviction is even final for purposes of federal review. The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final *by the conclusion of direct review* or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2. The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the petition filed in the instant case, on the Attorney General of the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  November 4, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE